**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARK BENDY, SR., | Civil Action: 08-0864 (FLW) |
| Plaintiff, |  |
| v. | **O P I N I O N** |
| YOLETTE C. ROSS, et al., |  |
| Defendants. |  |

**APPEARANCES:**

Mark Bendy, Sr., Pro Se
10 Idaho Drive
Whiting, NJ 08759

**WOLFSON**, District Judge

    Plaintiff, Mark Bendy, Sr., confined at the Clinton House, Trenton, New Jersey, at the time he filed this complaint, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915, and alleges violations of his constitutional rights, in accordance with 42 U.S.C. § 1983.

    At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## BACKGROUND

Plaintiff filed this complaint on February 13, 2008, naming three defendants: Yolette C. Ross, of the New Jersey State Parole Board ("Parole Board"); Thomas Haas, of the Parole Board; and the Parole Board itself. During the pendency of this action, in March of 2008, Plaintiff was released on parole.

Plaintiff alleges in the complaint that on November 6, 2006, he appeared before the Parole Board and defendant Ross, and was given a fourteen-month future parole eligibility term ("FET"). He filed an appeal accusing defendant Ross of malfeasance.

On November 8, 2007, Plaintiff again appeared before the Parole Board, and defendant Ross was one of the panel members deciding his case, despite her knowledge of the legal action Plaintiff had instituted against her. Plaintiff was granted parole to be effective on February 29, 2008.

Plaintiff claims that as he awaited placement and release on parole, defendant Ross, on February 6, 2008, rescinded his original release date and imposed an additional FET. Plaintiff notes in his complaint that defendants denied his parole due to a lack of a residential parole address. Plaintiff argues, however, that the rescinding of his parole was in retaliation for his instituting the legal action, and that defendant Ross should not have been involved in his parole decision due to the legal action

against her.  Plaintiff does not assert specific claims against defendants Haas or the Parole Board.

Plaintiff asks for monetary relief for each day that he was incarcerated past February 29, 2008.  As noted, Plaintiff has been granted parole, and according to the state's website, was released on March 10, 2008.  See www.state.nj.us/corrections.

## DISCUSSION

**A.    Standard of Review**

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair

3

notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, ---U.S. ----, ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

**B.    Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the laws or Constitution of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.    Plaintiff's Complaint Will Be Dismissed.**

Plaintiff writes in his complaint that his parole was rescinded due to his lack of a residential address.  Regardless, Plaintiff alleges that defendant Ross's rescinding of his parole violated his First Amendment right to redress grievances, in that she retaliated against him for filing the complaint against her.

In order to state a claim for retaliation, Plaintiff must show that: "(i) he engaged in constitutionally protected conduct; (ii) an adverse action was taken by prison officials 'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;' and (iii) there was a causal relationship between the two."  See Adegbuji v. Green, 2008 WL 2083142 (3d Cir. May 19, 2008)(slip copy) (quoting and citing Rauser v. Horn , 241 F.3d 330, 333 (3d Cir. 2001); Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)).  "[O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that

5

they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. at *3 (quoting Rauser, 241 F.3d at 334).

In this case, Plaintiff has not alleged facts sufficient to withstand sua sponte dismissal of his retaliation claims, as Plaintiff has not indicated facts concerning the causal relationship between the rescinding of parole and Plaintiff's filing of his complaint against defendant Ross.  This is evidenced in the complaint, as Plaintiff pleads that defendant Ross actually granted his parole in November of 2007.  The fact that his parole was rescinded due to his lack of a residential address seems to have caused, as pled by Plaintiff, a temporary delay.  Instead of being released on February 29, 2008, Plaintiff was released on March 10, 2008.  As pled by Plaintiff, the delay in his release was due to an actual or perceived lack of a residential address, not due to the filing of the complaint in state court against defendant Ross.  Also, as pled by Plaintiff, in November of 2007, defendant Ross was aware of the action pending against her by Plaintiff, and granted his parole regardless.

The Court also notes that defendant Parole Board is not a proper defendant in a § 1983 suit, because the Parole Board is not a "person" subject to suit, as required by 42 U.S.C. § 1983.

See <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 68-70 (1989) (holding that States and governmental entities considered "arms of the State" for Eleventh Amendment purposes are not "persons" within the meaning of § 1983); <u>Madden v. New Jersey State Parole Board</u>, 438 F.2d 1189, 1190 (3d Cir. 1971) (stating that New Jersey Parole Board not a person under § 1983).

### **CONCLUSION**

For the reasons set forth above, Plaintiff's complaint will be dismissed. An appropriate order follows.


     S/Freda L. Wolfson
     FREDA L. WOLFSON
     United States District Judge

Dated: July 29, 2008